Filed 11/8/21  P. v. Marvin CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN CARROL MARVIN,<br><br>    Defendant and Appellant. | A160636<br><br>(Contra Costa County<br>Super. Ct. No. 05-080619-0) |

Jonathan Carrol Marvin appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  Section 1170.95 provides for resentencing of individuals convicted of murder under a felony murder or natural and probable consequences theory if they could no longer be convicted of murder under January 1, 2019 amendments to the Penal Code.  After the trial court appointed counsel to represent Marvin in his petition, counsel informed Marvin and the court that, based on his review of the case, he would not file a brief in support of Marvin's petition.  Marvin contends that the court erred in declining to appoint substitute counsel and by engaging in fact finding before denying his petition.  We conclude that

[1] All undesignated statutory references are to the Penal Code.

Marvin was not prejudiced by any such errors, and we therefore affirm the court's denial.

## BACKGROUND

### A.

To be convicted of murder, a jury must ordinarily find that the defendant acted with the requisite mental state, known as " 'malice aforethought.' " (*People v. Chun* (2009) 45 Cal.4th 1172, 1181 (*Chun*), quoting section 187, subdivision (a).) Until recently, the felony murder rule provided an exception that made "a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state." (*Id.* at p. 1182.) Under a separate rule known as the natural and probable consequences doctrine, a " ' "person who knowingly aids and abets [the] criminal conduct [of another person] is guilty of not only the intended crime . . . but also of any other crime the [other person] actually commits . . . that is a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)

Senate Bill No. 1437 (2017-2018 Reg. Sess. (Stats. 2018, ch. 1015)), which became effective January 1, 2019, raised the level of culpability required for murder liability to be imposed under these theories. (See Stats. 2018, ch. 1015, § 1.) Senate Bill No. 1437 amended the definition of malice in section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) The bill also amended section 189, which defines the degrees of murder, to limit murder liability based on felony murder or a natural and probable consequences theory to a person who: (1) was the actual killer; (2) though not the actual killer, acted "with the intent to kill" and "aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer" in the commission of first degree murder; or (3) was "a major participant in the underlying felony and acted with

2

reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Finally, the bill added section 1170.95, which provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.) The individual may file a petition if three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).) Under section 1170.95, subdivision (b), the petition must include a declaration that the petitioner is eligible for relief based on the requirements set forth in subdivision (a), the superior court case number and year of the conviction, and whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1).)

If the petitioner has complied with these requirements, the trial court receives briefing from the parties and then proceeds to determine whether the petitioner has made a "prima facie showing" for relief (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 960, 966). If so, then the court must issue an order to show cause and hold an evidentiary hearing at which the burden is on the prosecution to prove that the petitioner is ineligible for relief. (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

## B.

A jury convicted Marvin of first degree murder (§ 187) and found true an allegation that he personally used a firearm causing great bodily injury or death to the victim (§ 12022.53, subd. (d)).

Marvin's section 1170.95 petition alleged that the information filed against him allowed the prosecution to proceed under a felony murder theory; that he was convicted of murder pursuant to the felony murder rule; and that he could not now be convicted of murder based on the January 1, 2019 amendments to sections 188 and 189.

## C.

In considering Marvin's petition, the trial court judge, who also presided over Marvin's jury trial, took judicial notice of the court file in Marvin's original case and this division's 2011 opinion in his direct appeal.  (See *People v. Marvin* (June 27, 2011, A125262) [nonpub. opn.].)  Although the trial court's file was not forwarded to this court in the instant appeal, we take judicial notice of the appellate record in case number A125262. (See Evid. Code, §§ 452, subd. (d), 459.)

For context, we provide a brief factual background.  The victim died of multiple gunshot wounds.  A forensic pathologist testified that the victim suffered six gunshot wounds, including four fatal wounds to his head, chest, and abdomen; four to six bullets hit his body.  The bullets were .38 or .357-caliber bullets of a commonly available brand, and the murder weapon was not found.

Police examination of the victim's phone records led them to Marvin, who helped sell marijuana produced by the victim.  In multiple police interviews, Marvin denied shooting the victim. Although Marvin gave differing statements to the police, he eventually admitted he was there when the victim was shot.  He

told the police that he had set up a drug deal with the victim that had gone bad, but he later admitted that he knew the victim was not going to get paid for his drugs. Marvin told police that, during the drug deal, individuals named Shannon and Dre pulled out guns, and Dre shot the victim three or four times with a revolver.

At trial, the prosecution argued that Marvin personally and deliberately shot and killed the victim. The prosecution argued in the alternative that Marvin was guilty of murder under a felony murder theory because he had set the victim up to be robbed. The defense argued that Marvin was not the shooter and the felony murder rule was inapplicable because the prosecution had not proven that Marvin knew the victim would be robbed.

## DISCUSSION

### A.

Our Supreme Court's decision in *Lewis* contains three key holdings relevant to this appeal. First, *Lewis* holds that a petitioner who has filed a facially sufficient petition under section 1170.95 is entitled to appointment of counsel before the trial court receives briefing and determines whether the petitioner has established a prima facie case of eligibility for resentencing. (*Lewis*, *supra*, 11 Cal.5th at pp. 966, 970.) Second, *Lewis* holds that in assessing whether the petitioner has made out a prima facie case, the court may consider the record of conviction. (*Id.* at pp. 970-972.) Third, *Lewis* concludes that where a petitioner is denied the assistance of counsel for a section 1170.95 petition, that deprivation is a state law violation that is reviewed for harmless error under the test in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, at pp. 972-974.) Under that test, the petitioner " 'has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.)

5

**B.**

Marvin contends that the trial court erred in denying his petition without first appointing substitute counsel. Marvin also asserts that the court erred by engaging in factfinding when summarily denying his petition. We assume, without deciding, that the trial court erred. Marvin has failed to meet his burden of establishing that it is reasonably probable that his petition would not have been denied in the absence of any such errors. (See *Lewis*, *supra*, 11 Cal.5th at p. 974.) As a result, we affirm the court's denial of his petition.

In support of his argument that the asserted errors were prejudicial, Marvin correctly points out that he was prosecuted under a felony murder theory. The jury was instructed on felony murder, the prosecution relied on the theory as a backup argument, and the verdict form finding Marvin guilty of first degree murder did not rule out a felony murder theory.

However, the People assert that Marvin may still be held liable for murder under a felony murder theory after Senate Bill No. 1437 because he "was the actual killer," pursuant to section 189, subdivision (e)(1). They contend that, because the jury found, under section 12022.53, subdivision (d), that Marvin personally and intentionally discharged a firearm causing great bodily injury or death, the jury necessarily found that Marvin was the actual killer.

We agree with the People that, in the circumstances of this case, the jury's finding under section 12022.53, subdivision (d), amounted to a finding that Marvin was the actual killer. In arguing otherwise, Marvin relies on *People v. Offley* (2020) 48 Cal.App.5th 588 (*Offley*), which reasoned that "[b]ecause an enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*Id.* at p. 598.)

6

Consistent with *Offley*, the People correctly acknowledge that a true finding on a section 12022.53, subdivision (d) enhancement "by itself, does not necessarily indicate that the defendant was the actual killer acting with the intent to kill." Further, a finding that the defendant personally discharged a firearm and caused great bodily injury would not necessarily establish that the defendant was the actual killer in a case in which multiple shooters fired at the victim. (Cf. *Offley*, *supra*, 48 Cal.App.5th at pp. 592, 597 [defendant convicted based on his participation in a shooting by multiple gang members].)

Here, however, Marvin does not assert that he was one of multiple shooters. Instead, he argues that "[w]hile the prosecutor urged the jury . . . to reject his statements that he was not the shooter, the defense relied on that theory." But the jury rejected the defense's position that Marvin was not the shooter when it found true the allegation that he personally discharged a firearm causing great bodily injury or death. Had the jury found that some other perpetrator shot the victim, the jury would have rejected the section 12022.53 allegation. In the circumstances here, the jury's finding that Marvin personally discharged a firearm and caused great bodily injury or death to the victim necessarily amounted to a finding that Marvin was the shooter and therefore the actual killer. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899 (*Tarkington*) [concluding that petitioner was "the actual killer" where jury found the defendant personally used a deadly weapon and "the murder involved a single perpetrator" and "was not a situation in which multiple persons carried out the attack"], review granted Aug. 12, 2020, S263219, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at pp. 963-965.)

## DISPOSITION

The trial court's order denying the petition is affirmed.

7

_____
BURNS, J.


We concur:



_____
JACKSON, P.J.



_____
NEEDHAM, J.


A160636

8